■ In the Matter of ANNE HIKEN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 17, 1972. Claimant, a typist, was employed by an agency of the Federal Government for more than 22 years until May 7, 1971. In response to the Industrial Commissioner's inquiry on the form "Request for Wage and Separation Information" as to the reason for claimant's separation, the Federal agency replied "Resignation — RIF Situation — Involuntary Separation". Thereafter, the Industrial Commissioner requested the Federal agency to answer the question "if claimant had not resigned on 5/7/71 up until what date could she have continued to work?" The Federal agency replied "Miss Hiken's last date of employment was 5-7-71, Reason: Resignation — RIF Situation. Miss Hiken applied for discontinued service retirement, in order to avail herself of the 4.5 per cent she must have been off the rolls by 5-31-71." This was submitted as additional information and not as a reconsidered finding. Claimant's resignation was in response to a letter circulated by the Federal agency in April, 1971 informing all eligible employees that a reduction in force was contemplated, and that those who wanted to take advantage of a four and one-half % increase in the annuity of Federal retirees must retire by May 31, 1971. The board found that "claimant could have continued to work until May 31, 1971. Although she discussed the matter with the personnel office of the employer, claimant was not instructed that she must resign before May 31, 1971. Claimant was not informed that she would be released in the event that the contemplated reduction in force materialized. Claimant resigned effective May 8, 1971. The compulsory retirement age for Federal employees such as claimant is 70 years." The board then determined "that claimant voluntarily left her employment for personal, non-compelling reasons, which do not constitute good cause under the Law." The determination of the Federal agency as to the reason for appellant's separation from employment as "Resignation — RIF Situation — Involuntary Separation" is binding upon the board. (U. S. Code, tit. 5, § 8506; *Matter of Schifferle* [*Catherwood*], 33 A D 2d 847; *Matter of Burchull* [*Catherwood*], 25 A D 2d 462.) The Federal agency, having embarked upon a program to reduce its force and having offered an incentive to eligible employees to retire, it could properly determine that an employee who took advantage of its offer and retired, although not specifically requested to retire, had been involuntarily

separated from service. The additional information supplied by the agency did not constitute a reconsidered finding in that it was not labeled as such on the form by the Federal agency. The finding of the Federal agency that the reason for claimant's separation was a resignation by reason of a reduction in force situation, and that it was an involuntary separation, was final and conclusive, and the board had no power or authority to make other findings. The decision of the board must, therefore, be reversed, and the matter remitted for further proceedings not inconsistent with this decision. Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellant. Staley, Jr., J. P., Greenblott, Sweeney, Simons and Kane, JJ., concur.